# EXHIBIT D



**Portfolio Media. Inc.** | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

# Magazine Turns To 2nd Circ. In Coronavirus Coverage Fight

By **Jeff Sistrunk**

Law360 (May 18, 2020, 4:07 PM EDT) -- A New York-based culture magazine on Sunday sought the Second Circuit's review of a federal judge's order refusing to force a unit of The Hartford to immediately cover the publication's financial losses because of government-mandated closures during the COVID-19 pandemic.

The publisher of Social Life Magazine filed a brief notice of interlocutory appeal of U.S. District Judge Valerie Caproni's Thursday oral decision, which denied the magazine's application for a preliminary injunction compelling Hartford unit Sentinel Insurance Co. Ltd. to pay out under the business interruption prong of its property policy.

Social Life, which launched in 2004 and describes itself as the "premier luxury publication for the Hamptons," sued Sentinel in New York federal court on April 28, claiming the insurer wrongfully refused to cover its lost revenues since it shut down operations in mid-March in accordance with statewide restrictions on nonessential businesses. According to court filings, Sentinel took the position that the spread of the novel coronavirus did not cause any "direct physical loss or damage" to Social Life's Manhattan office, as required for coverage to apply.

The magazine filed its application for a preliminary injunction on May 4, arguing it is financially strapped and will be unable to print its next planned issue unless Sentinel immediately pays out $197,000 in insurance proceeds. Social Life pointed out that its policy does not contain a common exclusion for viral pandemics and contended that the coronavirus, which is able to attach to surfaces, can indeed cause physical damage to its office building and equipment.

But Judge Caproni was unconvinced during the telephonic hearing Thursday on the application.

According to a transcript of the hearing, the judge said the most on-point New York precedent appears to be a state Appellate Division panel's 2002 decision in Roundabout Theatre Co. v. Continental Casualty Co. 🔴 In Roundabout, the appellate panel found that a nonprofit theater was not entitled to business interruption coverage for losses it suffered when New York City denied access to its building because of a nearby construction accident. The panel said the lack of direct physical loss or damage to the theater itself precluded coverage under its policy.

Social Life's attorney, Gabriel Fischbarg, told Judge Caproni his client is facing different circumstances than those involved in Roundabout.

"That case applies to off-site property damage rendering the premises at issue inaccessible," he said. "So in this case, you don't have off-site property damage. You have on-site property damage."

But the judge rebuffed Fischbarg's stance, opining that Social Life's property has not suffered any damage.

"Well, the virus exists everywhere," Fischbarg said.

"It damages lungs," Judge Caproni replied. "It doesn't damage printing presses."

Fischbarg asked the judge to take into account decisions from outside of New York finding that a policyholder's loss of its ability to use premises or equipment constitutes covered property damage.

"Mold spores, bacteria, virus, all those are physical items which damage whatever they are on, whatever they land on," he said. "And in this case, the virus, when it lands on something and you touch it, you could die from it."

Judge Caproni said Fischbarg was describing potential injury to a person rather than damage to property.

Later in the hearing, Sarah Gordon of Steptoe & Johnson LLP, arguing for Sentinel, said out-of-state rulings cited by Fischbarg don't govern a dispute under New York law and, in any case, are "entirely distinguishable."

"The property has to be entirely unusable or uninhabitable for physical loss or damage to constitute a loss of use," Gordon said. "We don't think that's the law in New York in any circumstance, but even in those other cases, there is nothing equivalent here. Mr. Fischbarg's client can go to his premises. There is no ammonia or mold or anything in the air that's not going to allow him on to the property."

In denying Social Life's bid for a preliminary injunction, Judge Caproni concluded the publication failed to show a likelihood that it would prevail on the merits of its case.

"I feel bad for your client. I feel bad for every small business that is having difficulties during this period of time," the judge said. "But New York law is clear that this kind of business interruption needs some damage to the property to prohibit you from going. You get an A for effort, you get a gold star for creativity, but this is just not what's covered under these insurance policies."

Fischbarg declined to comment on Sunday's motion for interlocutory appeal, beyond the contents of Social Life's preliminary injunction application and supporting briefs.

In an emailed statement, Hartford spokesman Matthew Sturdevant said policies like Social Life's were not designed to cover these types of business interruption losses.

"We pay often and a lot — when there is a storm, fire or anything else that is covered by a customer's insurance policy," Sturdevant said. "Tragically, millions of businesses across the country have closed their doors because of government-ordered shutdowns. Unfortunately, viruses are generally outside the scope of business interruption coverage due to the absence of any physical damage. These policies do not cover this exposure and, accordingly, premiums were never collected for it."

Social Life is represented by solo practitioner Gabriel J. Fischbarg.

Sentinel is represented by Sarah D. Gordon and Charles A. Michael of Steptoe & Johnson LLP.

The case is Social Life Magazine Inc. v. Sentinel Insurance Co. Ltd., case number 1:20-cv-03311, in the U.S. District Court for the Southern District of New York.

--Editing by Amy Rowe.

All Content © 2003-2020, Portfolio Media, Inc.