**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| 1 S.A.N.T., INC. (a/k/a 1 SAINT, INC.) d/b/a TOWN & COUNTRY and d/b/a GATHERINGS BANQUET & EVENT CENTER, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>BERKSHIRE HATHAWAY INC.; and NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>        Defendants. | Civil Action No. 20-862<br><br>Judge William S. Stickman IV |

**BERKSHIRE HATHAWAY INC.'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

**I.      INTRODUCTION**

On June 15, 2020, Plaintiff 1 S.A.N.T., INC. (a/k/a 1 SAINT, INC.) d/b/a TOWN & COUNTRY and d/b/a GATHERINGS BANQUET & EVENT CENTER filed a Complaint against Berkshire Hathaway Inc. ("Berkshire Hathaway") and National Fire & Marine Insurance Company ("National Fire") alleging breach of contract and seeking a declaratory judgment relating to insurance coverage sought under a policy of insurance National Fire issued to Plaintiff.  On August 4, 2020, Plaintiff filed a substantially similar First Amended Complaint ("Complaint").

Although the Complaint identifies Berkshire Hathaway as a Delaware Corporation with its principal place of business in Nebraska (Complaint ¶7) and identifies National Fire as a subsidiary of Berkshire Hathaway (Complaint ¶8), there is nothing else in the Complaint

relating to Berkshire Hathaway.  The Complaint contains nothing indicating why Berkshire Hathaway is a defendant other than its subsidiary, National Fire, having issued the insurance policy to Plaintiff.  Accordingly there is nothing in the Complaint that establishes (a) personal jurisdiction over Berkshire Hathaway in Pennsylvania; (b) a basis for venue with respect to Berkshire Hathaway in the Western District of Pennsylvania; or (c) a claim against Berkshire Hathaway upon which the court can grant relief.

## II.    FACTS

From the face of the Complaint, it appears that Plaintiff's claim against Berkshire Hathaway is based solely on Berkshire Hathaway being a holding company that owns National Fire.  Complaint, ¶¶ 7,8.  The Complaint contains no other specific allegations against Berkshire Hathaway.

Berkshire Hathaway is not an insurance company.  Declaration of Daniel Jaksich ("Jaksich Declaration") (attached to Motion as Exhibit 1), ¶7.  It is a holding company that owns subsidiaries engaged in a number of business activities, including, but not limited to, insurance.  *Id.*, ¶¶4, 11.  National Fire is a wholly-owned subsidiary of Berkshire Hathaway.  *Id.*, ¶4.

Berkshire Hathaway has no direct presence in, or connection with, the Commonwealth of Pennsylvania other than through subsidiaries.  *See* Ex. 1, Jaksich Declaration, ¶¶5-10, 13.  Berkshire Hathaway is a Delaware corporation with its principal place of business in Omaha, Nebraska.  *Id.* at ¶3.  Berkshire Hathaway does not sell insurance or any other services in Pennsylvania, does not manufacture any products in Pennsylvania, is not qualified, licensed, or registered to do business in Pennsylvania, has no registered agent in Pennsylvania, does not have any employees, officers or other agents in Pennsylvania, pays no taxes in Pennsylvania,

and does not do business in Pennsylvania.  *Id.* at ¶¶ 6-10.  It does not maintain an office in this Commonwealth, nor does it own, use, possess or lease any real property or facilities in Pennsylvania. *Id.* at ¶ 5.  Berkshire Hathaway does not have any bank account with a bank in the Commonwealth of Pennsylvania, and does not have a telephone listing in Pennsylvania.  *Id.* at ¶9.  Berkshire Hathaway does not consent to personal jurisdiction in Pennsylvania.  *Id.* at ¶14.

Berkshire Hathaway does not sell services or manufacture goods in Pennsylvania.  *Id.* at ¶7.  It is only connected to this case indirectly through its subsidiary relationship with National Fire.  *Id.* at ¶11.  Berkshire Hathaway and National Fire are separate legal entities.  *Id.* Berkshire Hathaway operates its business in a separate building, under a separate board of directors, and has separate employees, assets, and a principal place of business separate from National Fire.  *Id.* at ¶11.  Berkshire Hathaway does not exercise day-to-day management or control of the operations of National Fire, and is not involved in the daily business activities of National Fire.  *Id.* at ¶12.  Berkshire Hathaway had no involvement in, and has no knowledge of, the sale of the insurance policy described in Plaintiff's Complaint.  *Id.* at ¶13.  Berkshire Hathaway has never been involved in the adjustment, handling, evaluation, or disposition of the insurance claim under the insurance policy described in Plaintiff's Complaint.  *Id.* at ¶13.

## III.   ARGUMENT

### A.   Berkshire Hathaway is Not Subject to Personal Jurisdiction in Pennsylvania.

In order for a court to exercise personal jurisdiction over a defendant, including a foreign corporation, there must be <u>both</u> a statutory and constitutional basis to do so.  *Efford v. Jockey Club*, 796 A.2d 370 (Pa. Super. 2002); *see also Barth v. Walt Disney Parks & Resorts U.S.,*

*Inc.*, No. CV 16-2140, 2016 WL 4502352, at *1 (E.D. Pa. Aug. 29, 2016).  Because a state's assertion of jurisdiction over a foreign corporation exposes that corporation to the state's "coercive power," "[t]he reach of that coercive power, even when exercised pursuant to a corporation's purported 'consent,' may be limited by the Due Process clause."  *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 639-41 (2d Cir. 2016).  *See also Mendel v. Williams*, 53 A.3d 810 (Pa. Super. 2012) ("[t]he Due Process Clause of the Fourteenth Amendment to the United States Constitution limits the authority of a state to exercise *in personam* jurisdiction over non-resident defendants.") (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).  *See also International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (holding that exercising general personal jurisdiction over a foreign defendant must not "offend traditional notions of fair play and substantial justice").

The Pennsylvania Long-Arm statute establishes personal jurisdiction over persons outside of this Commonwealth – its reach extends to the fullest extent allowed by the United States Constitution.  42 Pa.C.S. § 5322(b).  The general rule stated in subsection (a), provides for the exercise of jurisdiction over a person "who acts directly or by an agent to a cause of action or other matter arising from" one of ten types of specified conduct.  42 Pa.C.S. § 5322(a).  However, section (b) is a catchall provision authorizing the exercise of personal jurisdiction over persons who do not come within one of the express provisions of the ten subsections of section (a), so long as the minimum requisites of federal constitutional law are met.  42 Pa.C.S. § 5322(b) ("the jurisdiction of the tribunals of this Commonwealth shall extend to all persons to the fullest extent allowed under the Constitution of the United States").  As a practical matter, each of the ten subsections of § 5322(a) are wholly subsumed within the catchall provision of § 5322 (b).  *Scoggins v. Scoggins,* 555 A.2d 1314, 1319 (Pa. Super. 1989).  Consequently, the

DM1\11233708.6

only appropriate focus in a Pennsylvania personal jurisdiction analysis is whether the minimum requisites of Constitutional due process have been met. *Id.*

The United States Constitution permits states to authorize its courts to exercise personal jurisdiction over an out-of-state defendant if the defendant has "certain minimum contacts with the state such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'". *Daimler AG v. Bauman,* 571 U.S. 117, 126 (2014) (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).

There are two types of personal jurisdiction: specific and general. *Daimler,* 571 U.S. at 126 – 133 (2014). Specific jurisdiction over an out of state defendant requires that the claim arise from the defendant's activities within the forum state. *See Bristol-Myers Squibb Co. v. Superior Court of California*, 482 U.S. ___, 137 S.Ct. 1773, 1781 (2017). The Supreme Court has emphasized that for specific jurisdiction, "there must be an 'affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State.'" *Id*. at 1781 (internal citations omitted). The Court further held that "[w]hen there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id*.

By contrast, general jurisdiction allows the plaintiff to assert a claim against a defendant that does not arise from the defendant's activities in the forum state, but general jurisdiction requires plaintiff to meet a much higher burden. General jurisdiction requires a finding that "continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities." *Daimler at 127 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).* In other words, the defendant must essentially be "at home" in the forum state. *Id*. at

137.  In *Daimler*, the Supreme Court clarified that "[w]ith respect to a corporation, the place of incorporation and principal place of business are paradigm bases for general jurisdiction."  *Id.* at 137 (internal quotations omitted).  .

### 1.  Berkshire Hathaway Is Not Subject To Specific Jurisdiction In Pennsylvania On Plaintiff's Claims

Berkshire Hathaway is not subject to specific jurisdiction in Pennsylvania in this case because Plaintiff's claims are not premised on any "in-state activities" of Berkshire Hathaway. *Daimler,* 571 U.S. 117, 126-133; *Bristol-Myers*, 582 U.S.____, 137 S.Ct. 1773, 1781 (2017). In other words, Plaintiff does not allege in the Complaint that its damages arise from any conduct of Berkshire Hathaway in Pennsylvania.  For the Court to exercise specific personal jurisdiction over Berkshire Hathaway, "Plaintiff's cause of action" must "arise out of [Berkshire Hathaway's] conduct or actions occurring in Pennsylvania."  *Id.*  Put differently, there must be a "relationship among [Berkshire Hathaway], the forum, and the litigation."  *Walden v. Fiore,* 571 U.S. 277, 284 (2014) (citation omitted).  For jurisdiction to comport with the limits of due process, the defendant's suit-related conduct must create a substantial connection with the forum state.  *Walden,* 571 U.S. 277, 285-86.

Here there is no such relationship.  Plaintiff's Complaint does not allege any claims arising from any acts of Berkshire Hathaway in Pennsylvania.  In fact, Plaintiff's Complaint is devoid of any specific allegations against Berkshire Hathaway.  Plaintiff makes no allegations that Berkshire Hathaway had any involvement in the issuance of the insurance policy described in Plaintiff's Complaint, nor does Plaintiff allege that Berkshire Hathaway has ever been involved in the adjustment, handling, evaluation, reserve or disposition of Plaintiff's insurance claim.  Without any allegations connecting Berkshire Hathaway to Plaintiff's alleged claims in Pennsylvania, Plaintiff has no evidence that Berkshire Hathaway engaged in any "suit-related

DM1\11233708.6

conduct" that "create[d] a substantial connection" with Pennsylvania, such as would support specific jurisdiction over Berkshire Hathaway.  *Id.*

Recent cases confirm that Courts in other jurisdictions in similar situations have found a lack of specific personal jurisdiction over Berkshire Hathaway when Berkshire Hathaway is named in a suit merely because Berkshire Hathaway is the parent company of the real defendant in interest.  *See e.g. Price v. Greensboro News & Record, LLC*, 2020 US Dist. LEXIS 20240 (M.D. NC Feb. 6, 2020) (holding no specific personal jurisdiction in North Carolina exists for Berkshire Hathaway based on uncontroverted affidavit regarding lack of presence, connection or control); *Allen v Cort Trade Show Furnishings*, 2020 U.S. Dist. LEXIS 117486 (D. Md. July 2, 2020) (dismissing Berkshire Hathaway for lack of personal jurisdiction); *Franklin v. Burlington N & Santa Fe R.R.Co*., 2010 U.S. Dist. LEXIS 126944 (N.D. TX Dec. 1, 2010) (dismissing Berkshire Hathaway for lack of personal jurisdiction); *Hilliary v. FlightSafety Intl, Inc.*, 2017 WL 11316735 (N.D. Ga. Oct. 20, 2017) (dismissing Berkshire Hathaway for lack of personal jurisdiction).

The same is true here.  The Complaint does not allege that Berkshire Hathaway had personal contacts with Pennsylvania, much less that it had contacts with the Plaintiff in this case.  This Court therefore may not exercise specific personal jurisdiction over Berkshire Hathaway.

### 2.     Berkshire Hathaway Is Not Subject To General Jurisdiction In Pennsylvania

Berkshire Hathaway is not subject to general jurisdiction in Pennsylvania.  General jurisdiction does not apply because Berkshire Hathaway's affiliations with this Commonwealth are not so continuous and systematic (in fact, they are non-existent) as to render Berkshire Hathaway essentially "at home" in this Commonwealth, or comparable to a domestic

Pennsylvania corporation. *Daimler*, 571 U.S. at 126-133. Although Berkshire Hathaway is a holding company which owns subsidiaries engaged in a number of business activities in various places, including Pennsylvania, that fact is insufficient to establish general jurisdiction over a defendant – "otherwise, 'at home' would be synonymous with 'doing business.'" *Id.* at 762 n. 20; *see also Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984) (noting that mere purchases or sales, even at regular intervals, are not enough to warrant a state's assertion of general jurisdiction over a foreign defendant). The Supreme Court recently re-affirmed this principle in *Bristol-Myers*, finding that even regular sales of a product in a State or a contractual relationship with a third party to sell or distribute products in the State are an insufficient basis for jurisdiction. *See Bristol-Myers*, 137 S.Ct at 1777, 1782. Here, Berkshire Hathaway is even more removed from contact with Pennsylvania because it conducts no business in the Commonwealth.

Plaintiff's Complaint presents no exceptional circumstances that would allow Berkshire Hathaway to be considered "at home" in Pennsylvania, outside its state of incorporation (Delaware) or principal place of business (Nebraska). *Id.* at 761 n. 19; *see also Annex Telecom Co. v. Brown,* No. 13-4605, 2014 U.S. Dist. LEXIS 146136, at *14 (E.D. Pa. Oct. 14, 2014) (finding no general jurisdiction over out-of-state defendant in Pennsylvania under a *Daimler* analysis where plaintiff had not presented "extensive and persuasive facts demonstrating connections with the forum state."). When appraising Berkshire Hathaway's activities in its entirety, nationwide and worldwide, it could hardly be considered "at home" in Pennsylvania, as it would be in Delaware or Nebraska. Thus, Berkshire Hathaway is not "at home" in Pennsylvania such that it is amenable to general jurisdiction in Pennsylvania. *Daimler,* 571

U.S. at 127, 135.  Plaintiff's Complaint does not support the exercise of personal jurisdiction over out-of-state Defendant Berkshire Hathaway.

It is of no consequence that Berkshire Hathaway is a holding company of National Fire. As the Supreme Court announced in *Daimler*, Plaintiff cannot superimpose the contacts of National Fire onto a non-citizen holding company like Berkshire Hathaway to create general jurisdiction.  *Daimler*, 571 U.S. at 135.  To do so would defeat the basic principles of fairness underlying general jurisdiction by preventing out-of-state corporations from "structur[ing] their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"  *Id*. at 762 (*citing Burger King*, 471 U.S. at 472). *See also Action Mfg. Co. v. Simon Wrecking Co*., 375 F. Supp.2d 411, 422 (E.D.PA 2005) ("Mere ownership of a subsidiary does not subject the parent corporation to personal jurisdiction in the state of the subsidiary"); *Saudi v. Northrop Grumann Corp*., 427 F.3d 271, 276 (4th Cir. 2005) ("it is generally the case that contacts of a corporate subsidiary cannot impute jurisdiction to its parent entity.").  Under *Daimler*, National Fire's contacts with Pennsylvania cannot be imputed to Berkshire Hathaway. As such, Plaintiff cannot justify the exercise of general jurisdiction over Berkshire Hathaway.

### 3.      Berkshire Hathaway is Not Subject to General Jurisdiction by Consent

Berkshire Hathaway is not registered to do business in Pennsylvania, has never been registered to do business in Pennsylvania, and does not conduct any business in Pennsylvania. *See* Ex. 1.  Consequently, Plaintiff cannot argue that Berkshire Hathaway has consented to general jurisdiction in the Commonwealth.  Additionally, there is no law supporting a finding that general jurisdiction by consent may be exercised over a Defendant based solely on the connections of an independent subsidiary or affiliate of the Defendant.  That National Fire is

subject to general personal jurisdiction in Pennsylvania does not confer general personal jurisdiction by consent over Berkshire Hathaway, when Berkshire Hathaway has not consented to jurisdiction and has no independent contacts of any kind with Pennsylvania.

**B.      This District is Not a Proper Venue with Respect to Berkshire Hathaway.**

The federal venue statute, 28 U.S.C. §1391(b), provides:

> A civil action may be brought in – (1) a judicial district in which any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which any action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction in respect to such action.

Section §1391(d) provides:

> For purposes of venue under this chapter in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C. §1391(d).

Here, Plaintiff has failed to plead facts establishing that Berkshire Hathaway is subject to venue in this District.  Moreover, as discussed above, it would be improper for the Court to exercise either specific or general personal jurisdiction over Berkshire Hathaway in this case. Where venue is not established, the district court should dismiss the case.  28 U.S.C. §1406(a). To establish venue under 28 U.S.C. §1391(b)(1), a plaintiff must show that the defendant corporation is subject to personal jurisdiction in this Court at the time the action is commenced. 28 U.S.C. §1391(b) and (d).  For venue under 28 U.S.C. §1391(b)(2), the plaintiff may rely on

the entire sequence of events underlying the claim so long as the corporate defendant is subject to the personal jurisdiction of the court.  *Farkas v. Rich Coast Corp.*, 2014 U.S. Dist. LEXIS 16708 at *28 (W.D.Pa. Feb. 11, 2014) ("to determine whether venue is proper…Section 1391(d)…require[s] that personal jurisdiction exists").  In order to establish venue under Section 1391(b)(3), Plaintiff must show that:  (1) there is no district in which an action may otherwise be brought, and (2) that Berkshire Hathaway is subject to this Court's personal jurisdiction.  Typically, for a corporation sued in a district where it does not have an office, this "require[s] that it be present in the district by its officers and agents carrying on the business of the corporation, this being the only way in which it could be said to be found within the district." *Eastman Kodak Co. of N.Y. v. S. S. Photo Materials Co.*, 273 U.S. 359, 371 (1927).

 As stated above, Plaintiff cannot establish that this Court has personal jurisdiction over Berkshire Hathaway.  Plaintiff also has failed to establish any basis for venue in the Western District of Pennsylvania against Berkshire Hathaway.  Plaintiff has not made a single assertion against Berkshire Hathaway that any of its acts or omissions took place in Pennsylvania, that it resided here, or that it undertook any activity to subject itself to the personal jurisdiction of this Court.  Berkshire Hathaway is not a resident of Pennsylvania, and no substantial portion of the events giving rise to the claim occurred at a time Berkshire Hathaway was subject to personal jurisdiction in Pennsylvania.  Therefore, venue is improper and the Court should dismiss this action.

DM1\11233708.6

C.   **Plaintiff's Complaint Should Be Dismissed for Failure to State a Claim Upon Which Relief Can Be Granted.**

1.   <u>Standard of Review</u>

In deciding motions to dismiss, courts must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party, *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1251, 1261 (3d Cir. 1994), as well as "exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." *Lum v. Bank of Am.*, 361 F.3d 217, 222, n. 3 (3d Cir. 2004) ("[t]he purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document" (citation omitted). *Id.* at 222. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim that can survive a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 677-678 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels, conclusions; a formulaic recitation of a cause of action's elements is insufficient. Factual allegations must be enough to raise a right to relief above the speculative level…." *Bell Atlantic Corp., et al. v. Twombly, et al.*, 550 U.S. 544, 545 (2007) (further explaining that a merely "conceivable" claim is not sufficient). The Complaint does not provide fair notice of Plaintiff's claims and factual allegations that—when accepted as true—are plausible and rise above mere speculation. *Iqbal,* 556 U.S. 662, 678; *Twombly,* 550 U.S. 544, 555-556.

12

2.     **Plaintiff's Complaint Against Berkshire Hathaway should be Dismissed for Failure to State a Claim**

Plaintiff's Complaint lacks any facts or allegations that justify Plaintiff's joining Berkshire Hathaway as a defendant.  Plaintiff cannot proceed against Berkshire Hathaway when it fails to assert in the Complaint any actions or omissions by Berkshire Hathaway.

Plaintiff is obligated to provide the grounds for their entitlement to relief, which requires more than mere conclusions and a recitation of irrelevant facts.  *See Twombly*, 550 U.S. at 555. Here, Plaintiff's attempt to plead against Berkshire Hathaway is insufficient even under the liberal federal standards for notice pleading.  *See* Fed. R. Civ. P. 8.; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 2011 (3d Cir. 2009)("a complaint must do more than allege the plaintiff's entitlement to relief. . . [it must] 'show' such an entitlement with its facts.").

Berkshire Hathaway hereby also incorporates by reference the grounds and authorities in National Fire's Motion to Dismiss.

As such, pursuant to Fed. R. Civ. P. 12(b)(6), this Court should dismiss this action against Berkshire Hathaway because the Complaint fails to describe or allege what unlawful conduct Berkshire Hathaway allegedly engaged in and thus, without a claim, no relief can be granted.

**IV.     CONCLUSION**

This action should be dismissed against Berkshire Hathaway for lack of personal jurisdiction and for improper venue.  In the alternative, the Court should dismiss this action against Berkshire Hathaway with prejudice for failure to state a claim upon which relief can be granted, and for the same grounds set forth in National Fire's Rule 12(b)(6) Motion.

Allowing Plaintiff to replead further would obviously be futile and a waste of judicial resources.  Plaintiff has already had two opportunities to plead allegations relating to grounds

DM1\11233708.6

for personal jurisdiction against Berkshire, and has failed to do so.   After having had the opportunity to review and analyze Berkshire's Motion to Dismiss Plaintiff's initial Complaint, Plaintiff has cured none of the deficiencies in the allegations relating to personal jurisdiction. Dismissal should be with prejudice.

Respectfully submitted,

*/s/ Robert L. Byer*
Robert L. Byer (PA 25447)
Julie S. Greenberg (PA 79697)
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA 15219
Ph: 412-497-1004
Fax: 412-202-3330
rlbyer@duanemorris.com
jsgreenberg@duanemorris.com

Damon N. Vocke
(*Admission Pending*)
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
Ph: 212-692-1059
Fax: 312-277-2375
dnvocke@duanemorris.com

Counsel for Defendant, Berkshire Hathaway

August 18, 2020